O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:15-CV-9897 (VEB)

SHEILA HAYES PEGUES,

             Plaintiff,

DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

           Defendant.

## I. INTRODUCTION

In March of 2013, Plaintiff Sheila Hayes Pegues applied for Disability Insurance benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Law Offices of Lawrence D. Rohlfing, Cyrus Safa, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 15, 17, 27). On November 4, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 26).

## II. BACKGROUND

Plaintiff applied for benefits on March 25, 2013, alleging disability beginning May 1, 2012. (T at 198-204).[1]   The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On August 14, 2014, a hearing was held before ALJ Robert A. Evans. (T at 29).  Plaintiff appeared, but was unrepresented. (T at 29).   The ALJ received testimony from Dr. Eric Dean Schmitter, a medical expert. (T at 32-38).  A second administrative hearing was held on December 16, 2014.  Plaintiff appeared, without counsel, and testified. (T at 48-53).  The ALJ received additional testimony from Dr.

---

[1] Citations to ("T") refer to the administrative record at Docket No. 22.

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

Schmitter (T at 43-48) and received testimony from Mr. Goldfarb, a vocational expert. (T at 53-60).

On March 4, 2015, the ALJ issued a written decision denying the applications for benefits.  (T at 12-28).  The ALJ's decision became the Commissioner's final decision on October 26, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 2-7).

On December 24, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on July 8, 2016. (Docket No. 21).  The parties filed a Joint Stipulation on October 13, 2016. (Docket No. 25).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

1   lasted or can be expected to last for a continuous period of not less than twelve

2   months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

3   claimant shall be determined to be under a disability only if any impairments are of

4   such severity that he or she is not only unable to do previous work but cannot,

5   considering his or her age, education and work experiences, engage in any other

6   substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

7   1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

8   vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

9   The Commissioner has established a five-step sequential evaluation process

10  for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

11  one determines if the person is engaged in substantial gainful activities. If so,

12  benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

13  decision maker proceeds to step two, which determines whether the claimant has a

14  medically severe impairment or combination of impairments. 20 C.F.R. §§

15  404.1520(a)(4)(ii), 416.920(a)(4)(ii).

16  If the claimant does not have a severe impairment or combination of

17  impairments, the disability claim is denied. If the impairment is severe, the

18  evaluation proceeds to the third step, which compares the claimant's impairment(s)

19  with a number of listed impairments acknowledged by the Commissioner to be so

20

severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the

decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.  Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 1, 2012, the alleged onset date, and met the insured status requirements of the Social Security Act through March 21, 2013 (the "date last insured"). (T at 17).  The ALJ found that Plaintiff's degenerative disc disease of the

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

lumbar and cervical spines with radiculopathy were "severe" impairments under the Act. (T at 17).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 17).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work, as defined in 20 CFR § 404.1567 (b) and 416.967 (b). (T at 18). The ALJ found that Plaintiff could perform her past relevant work as a director of rehabilitation. (T at 22).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between May 1, 2012 (the alleged onset date) and March 4, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 23). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 2-7).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 25, at p. 4), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, Plaintiff argues that the ALJ erred in evaluating the

opinion of her treating physician.  Second, she challenges the ALJ's credibility determination.  This Court will address both arguments in turn.

# IV. ANALYSIS

## A.   Treating Physician

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-:-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion.  For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical

findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.*

In this case, on January 31, 2014, Dr. Vincent Ho, Plaintiff's treating physician, provided a two-sentence letter, in which he stated that Plaintiff was "disabled due to cervical radiculopathy with degenerative join[t] disease." (T at 372). He also noted that Plaintiff had "dextroscoliosis of the lumbar spine."[2] (T at 372). The ALJ discounted Dr. Ho's assessment when determining Plaintiff's RFC. (T at 20).

For the following reasons, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

First, Dr. Ho's opinion, comprised of two sentences, was entirely conclusory and unsupported by any clinical findings.   Dr. Ho did not provide a detailed

[2] Dextroscoliosis is a term indicating a curvature of the spine to the right.

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

assessment of Plaintiff's limitations, beyond the declaration that Plaintiff's conditions rendered her "disabled."   The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Second, the ALJ reasonably concluded that Dr. Ho's January 2014 assessment was contradicted by his contemporaneous treatment notes, which described Plaintiff performing a wide variety of daily activities (T at 296) and reported that Plaintiff had "[n]ormal range of motion, muscle strength, and stability in all extremities with no pain on inspection." (T at 295, 305).   In January of 2013, one year prior to the assessment at issue, Dr. Ho described Plaintiff as "100% stable/good." (T at 296). The ALJ noted the lack of evidence of any escalation in Plaintiff's treatment that might account for change from "stable/good" to "disabled" during that period. (T at 20).   *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Third, the ALJ also reasonably relied on the assessments of two highly qualified medical experts.   Dr. Eric Schmitter, a non-examining medical expert, testified at the administrative hearing.   Dr. Schmitter opined that Plaintiff could

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

perform light work, with occasional creeping, crawling, bending, and stooping, along with other limitations consistent with the ALJ's RFC determination. (T at 46).

Dr. Rajeswari Kumar performed a consultative examination in September of 2014.   Dr. Kumar concluded that Plaintiff could lift/carry 21 to 50 pounds occasionally and 11 to 20 pounds frequently; stand/walk for 6 hours in an 8-hour workday (with routine breaks); and sit for 6 hours in an 8-hour workday (with routine breaks). (T at 400).   "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues that the ALJ should have weighed the evidence differently and given greater weight to Dr. Ho's opinion.   However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.   If the evidence supports more than one rational interpretation, this Court may not

substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## B.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff complained of low back pain radiating to her right leg, along with numbness and parasthesias (tingling or pricking) in her lower extremities. (T at 395). Plaintiff stated that she spends most of her day in bed watching political news. (T at 52).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 22).

This Court finds the ALJ's conclusion supported by substantial evidence. First, although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

ALJ may properly discount subjective complaints where they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).   In this case, as discussed above, the ALJ's RFC determination, and decision to discount Plaintiff's subjective complaints, was supported by the contemporaneous treatment notes, the January 2013 report from the treating physician (Dr. Ho), the opinion of the consultative examiner (Dr. Kumar), and the assessment of the testifying medical expert (Dr. Schmitter).

Second, the ALJ reasonably concluded that Plaintiff's reported activities of daily living (which included self-care, housekeeping, regular exercise, and shopping) were greater than one would expect if her pain limited her to laying down and watching television most of the day. (T at 20-21, 52, 260, 262, 296, 348-49, 374). When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

Where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB

Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 19th day of December, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

17

DECISION AND ORDER – PEGUES v COLVIN 2:15-CV-09897-VEB